# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KIRSHA BROWN,<br><br>      Plaintiff,<br><br>vs.<br><br>SALLIE MAE,<br><br>      Defendant. | Case No. 2:10-cv-00920-RLH-PAL<br><br>**ORDER**<br><br>(IFP & Complaint - Dkt. #1)<br>(Mtn for Assistance - Dkt. #3) |

Plaintiff Kirsha Brown is proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis,* and submitted a Complaint (Dkt. #1) on June 15, 2010. This proceeding was referred to this court by Local Rule IB 1-9.

**I. *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them.  Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a).  The court will now review Plaintiff's complaint.

**II. Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a).  Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Plaintiff filed her complaint on the court's form civil rights complaint pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988) (citation omitted). "The purpose of § 1983 is to deter *state actors* from using the badge of their authority to deprive individuals of their federally guaranteed rights." *McDade v. West*, 223 F.3d 1135, 1139 (emphasis added) (*citing Wyatt v. Cole*, 504 U.S. 158, 161 (1992)). Plaintiff's Complaint does not state a claim under 42 U.S.C. § 1983.

Plaintiff's Complaint alleges that Sallie Mae refused to update her loan balance in its database after the balance was paid in full. She alleges a default occurred in January 2010 as the result of a tax garnishment, but the default amount was paid in full. She asserts Sallie Mae's refusal to update its records was done to "create difficulties with [her] financial aid process. It appears Plaintiff is attempting to state a claim under the Higher Education Act of 1965 (the "HEA"), the federal law which governs administration of federal higher education programs. *See* 20 U.S.C. §§ 1001 *et seq.* Part B of the HEA creates the Federal Family Education Loan Program (the "FFELP"), 20 U.S.C. §§ 1071 *et seq.*

1  Under the HEA, private lenders, such as Defendant Sallie Mae, use their own funds to make FFELP
2  loans to students attending post-secondary schools. The loans are guaranteed by the federal
3  government, acting through non-profit agencies. *See generally* HEA, 20 U.S.C. §§ 1001 *et seq.*
4  However, there is no private right of action under the HEA. 20 U.S.C. § 1082(a)(2); *Parks School of*
5  *Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) ("There is no express right of action
6  under the HEA except for suits brought by or against the Secretary of Education"). Thus, Plaintiff
7  cannot state a claim under the HEA or the FFELP.
8       Plaintiff may also be attempting to state a claim under the Fair Credit Reporting Act, 15 U.S.C.
9  § 1651 *et seq*. The only private right of action that exists under the FCRA is contained at 15 U.S.C.
10 § 1681s-2(b). In order to state a claim, a plaintiff must allege that he or she informed a credit reporting
11 agency of incorrect information on his or her credit report, and that, upon notice from the credit
12 reporting agency, the entity that furnished the information failed to conduct a reasonable investigation
13 and report back to the credit reporting agency. *Id.* Plaintiff has made no such allegations here, and her
14 Complaint will be dismissed, with leave to amend.
15      If Plaintiff chooses to amend the complaint, she must set forth the grounds upon which the
16 court's jurisdiction depends. Fed. R.Civ. P. 8(a); LR 8-1. In addition, Plaintiff is informed that the
17 Court cannot refer to a prior pleading (i.e., her original complaint) in order to make the amended
18 complaint complete. This is because, as a general rule, an amended complaint supersedes the original
19 complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Local Rule 15-1 requires that an
20 amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files
21 an amended complaint, the original complaint no longer serves any function in the case. Therefore, in
22 an amended complaint, as in an original complaint, each claim and the involvement of each defendant
23 must be sufficiently alleged.
24      Plaintiff has also filed a Motion for Request for Assistance with Service of Summons,
25 Motions/Legal Pleadings Etc. (Dkt. #3). The motion requests assistance because of the "immense
26 amount of filed cases, in which [sic] requires the constant filing of legal documents." She states that
27 she wants to ensure parties are served correctly. Because Plaintiff is proceeding *in forma pauperis*, her
28 Complaint must be screened before it is served. *See* 28 U.S.C. § 1915(e). If Plaintiff were to state a

claim, the court would direct the Clerk of Court to prepare summons, and service of the Complaint on Defendants and service of Plaintiff's Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure would be effected by the United States Marshal's Service because Plaintiff is proceeding *in forma pauperis*. The court has now screened Plaintiff's Complaint and finds that it should be dismissed. Therefore, Plaintiff's Motion for Assistance (Dkt. #3) will be denied.

Accordingly,

1. The Clerk of the Court shall file the Complaint.
2. Plaintiff's Complaint shall be **DISMISSED** with leave to amend. Plaintiff shall have **thirty days** from the date of this order to file her Amended Complaint, if she believes she can correct the noted deficiencies. Failure to comply with this order will result in a recommendation to the District Judge that the Complaint be dismissed.
3. Plaintiff's Motion for Request for Assistance with Service of Summons, Motions/Legal Pleadings Etc. (Dkt. #3) is DENIED.

Dated this 6th day of July, 2010.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE